1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WESLEY ELVIS PEDEN,                          No.  2:15-cv-0244 TLN GGH PS

12                    Plaintiff,

13        v.                                        ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14    ZANE LOPEZ, et al.,

15                    Defendants.

16

17        Plaintiff is proceeding in this action pro se and has filed a request to proceed in forma

18    pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

19    302(21), pursuant to 28 U.S.C. § 636(b)(1).

20        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. §

21    1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

22        The determination that plaintiff may proceed in forma pauperis does not complete the

23    required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

24    any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

25    malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

26    an immune defendant.

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6         A complaint must contain more than a "formulaic recitation of the elements of a cause of

7    action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16   Id.

17        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

18   S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

19   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

20   proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

21   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22        The complaint alleges that defendant Lopez, a downtown guide in Sacramento, discovered

23   that plaintiff, a self-employed handyman for various merchants in Old Sacramento, was

24   incarcerated for fifty days in the fall of 2014.  Plaintiff asserts that Lopez told defendant Paul and

25   other merchants about plaintiff's incarceration, resulting in their rejection of him, and lost work.

26   As a consequence of defendant Lopez's slander, plaintiff claims he was accosted by police, and

27   asked to leave based on a report by Lopez and Paul that plaintiff had stolen candy from Paul's

28   store and given it to children.  (ECF No. 1.)  The complaint alleges the following violations:

1  "conspiracy, fraud, perjury, slander, defamation, hate crime under color of authority, and 18

2  U.S.C. § 242."

3      The court is unable to determine a jurisdictional basis for this action.  A federal court is a

4  court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution

5  and by Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673,

6  1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is

7  vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time

8  ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as

9  limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S.

10  Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either

11  party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593,

12  594-95 (9th Cir. 1996).

13      The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

14  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

15  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

16  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

17  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

18  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

19  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

20  Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

21      For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship

22  must be diverse from each defendant, and the amount in controversy must exceed $75,000.  For

23  federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise

24  under a federal law or the United States Constitution, (2) allege a "case or controversy" within the

25  meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369

26  U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

27      In his complaint, plaintiff has failed to allege a violation of a federal statute.  Almost all of

28  his claims allege violations of state law.  The alleged violation of a federal criminal statute, 18

3

1    U.S.C. § 242, may not be brought against any of the defendants because it is limited to state

2    officials who act under color of law to willfully deprive a person of constitutional rights.  Hope v.

3    Pelzer, 536 U.S. 730, 739 (2002).  None of the named defendants in this case are state officials.

4           Furthermore, plaintiff has no standing to pursue alleged violations of 18 U.S.C. § 242.

5    Criminal statutes do not provide a private right of action.  See, e.g., Ellis v. City of San Diego,

6    176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the

7    California Penal Code because the statutes do not create enforceable individual rights).  It is also

8    well established that private actions are maintainable under federal criminal statutes in only very

9    limited circumstances.  Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975);

10   Bass Angler Sportsman Soc. v. United States Steel Corp., 324 F.Supp. 412, 415 (S.D.Ala.1971),

11   citing United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193

12   F. 986 (9th Cir.1912).  See also Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (18 U.S.C.

13   §§ 241, 242 provide no private right of action and cannot form basis for civil suit).  Therefore,

14   plaintiff may not pursue such claims under this federal criminal statute.

15          Nor is there diversity jurisdiction.  Plaintiff is a resident of Sacramento, and the complaint

16   does not allege that any defendants are citizens of another state.  According to the complaint,

17   defendant Lopez is employed as a downtown guide in Sacramento, by the Sacramento Downtown

18   Partnership.  Defendant Paul is owner of the Candy Barrel store in Old Sacramento.

19          Finally, there appears to be no possible basis for jurisdiction under 42 U.S.C. § 1983.

20   Plaintiff will not be able to show that a Sacramento City downtown partnership is a state actor.

21          It is also clear that leave to amend would be futile in light of the clear jurisdictional

22   deficiencies outlined above.  For these reasons, the court recommends that this action be

23   dismissed with no leave to amend

24          Good cause appearing, IT IS ORDERED that: Plaintiff's request for leave to proceed in

25   forma pauperis is granted.

26          IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

27          These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen

4

(14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Peden0244.fr